IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA L. EARLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 2:06 cv 727- |
| | ) |
| RHEEM MANUFACTURING COMPANY | ) JURY DEMAND |
| and CAL MEARS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW**, the plaintiff, Donna Early (hereinafter Early), by and through her attorneys, Trina S. Williams and Vicky U. Toles, and makes this Complaint as follows:

### INTRODUCTION

1. This is an action brought by the Plaintiff against the Defendant for denial of retirement and disability benefits, and violation of Uniform Services Employment and Re-employment Rights Act (USERRA). It seeks to recover damages, secure equitable and other relief, and to redress the deprivation of rights and privileges of a citizen of the United States.

I.

### JURISDICITON AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States and the action seeks to redress the deprivation

of rights and privileges of a citizen of the United States under the Employees Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002 and 1140, and USERRA, 38 U.S.C. § 4301-4334. This Court has jurisdiction of the subject matter and of the parties. 29 U.S.C. § 2617(a)(2).

3. Jurisdiction over Plaintiff's claims based on Alabama law exists under the Doctrine of Supplemental Jurisdiction. 28 U.S.C. § 1367.

4. All acts complained of herein relate to Plaintiff's place of employment within the Middle District of Alabama. 28 U.S.C. § 1391.

II.

PARTIES

5. Donna Early is a black female adult over the age of nineteen and is a resident of Montgomery County, Alabama.

6. Defendant, Rheem Manufacturing Company, (hereinafter referred to as "Rheem"), is qualified to do business in the State of Alabama. Defendant, Rheem, has offices located in Montgomery County, Alabama.

7. Defendant, Cal Mears, (hereinafter referred to as "Mears"), is and employee of the Defendant Rheem Manufacturing Company and was at all times acting within the scope of his employment.

III.

FACTUAL BACKGROUND

8. Plaintiff was hired by Rheem on April 2, 1993 and remained continually employed with Rheem until December 20, 2005.

9. Plaintiff enrolled in Defendant's short-term and long-term disability plans and/or programs.

10. Plaintiff participated in Defendant's retirement plan and/or programs.

11. The Plaintiff applied for benefits under the Defendant's STD and LTD plans.

12. The Plaintiff was granted eight weeks of STD.

13. Plaintiff was denied LTD.

14. Plaintiff appealed the denial of LTD

15. Plaintiff was again denied LTD.

16. Monies were deducted from the Plaintiff's check each pay period for retirement and disability plans.

17. On August 12, 2000, Plaintiff fell while on active duty with the National Guard Unit injury her .

18. As a result of the fall, Plaintiff remained off work for approximately one (1) year.

19. Once released by the physician, Plaintiff attempted to return to work.

20. Plaintiff was told that she could not return to work.

21. After negotiations between Rheem and a JAG Officer, Plaintiff returned to work on light duty status.

22. On or about April 2004, while working at Rheem as an assembler, Plaintiff injured a finger on her left hand in the machine.

23. Subsequently, Plaintiff's right hand began to swell as a result of continuous and repetitive motion.

24. Plaintiff was placed on light duty again because of the swelling in her arm.

25. Although Plaintiff submitted numerous excuses for medical reasons for doctors visits.

26. In August of 2004 Plaintiff was asked to leave Rheem's premises allegedly because her disability paperwork could not be located.

27. While working with Rheem the Plaintiff was continually harassed by Cal Mears.

28. The Defendant through its agent Cal Mears told Plaintiff that she could not return to work with Rheem because they did not have any light duty work.

29. On or about December 20, 2005, Plaintiff received a phone call terminating her employment.

### IV.

### STATEMENT OF CLAIMS

### CLAIM ONE
### VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND RE-EMPLOYMENT RIGHTS ACT

30. Plaintiff adopts and re-alleges each and every allegation as set forth in paragraphs 1- 29 and incorporates the same herein.

31. Plaintiff received and injury while on active duty with the National Guard.

32. The Plaintiff attempted to return to work but was told by the company that she could not return.

33. Plaintiff subsequently allowed to return to work with legal assistance of a JAG officer.

34. Plaintiff allowed to return to work with restrictions.

35. Plaintiff's restrictions did not change.

36. Plaintiff's injured her right arm which was directly connected to the prior military injury.

37. The Defendant retained a copy of all Plaintiff's medical records.

38. The Defendant re-visited and accomplished the action prevented based on USERRA previously by terminating the Plaintiff.

## CLAIM TWO
## VIOLATION OF ERISA

39. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-38 and incorporates the same herein.

40. The Plaintiff was an employee of Rheem for approximately thirteen (13) years and was a participant in the Defendant's pension plan, and employee benefit plan governed by ERISA, 29 USC §§ 1001 *et seq.*

41. Pursuant to the terms of the Defendant's plan, Plaintiff would have been entitled to receive full retirement benefits upon completion of 25 years of service with Defendant.

42. On December 20, 2005, the Plaintiff was discharged without cause by the Defendant.

43. The Defendant's discharge of Plaintiff was for the purpose of preventing Plaintiff from receiving full retirement benefits under the Defendant's pension plan and was therefore unlawful under 29 USC §1140.

44. The Defendant's action in allegedly terminating Plaintiff for not being able to perform a job for which she was injured during employment and received no compensation was pre-textual for the purpose of interfering with Plaintiff's rights

to benefits under the employees benefit plan and, as such, deprived Plaintiff of her participation in Rheem's employees benefit plan.

45. Defendant made a conscious decision to interfere with Plaintiff's right to participate in the benefit plan. In essence, Plaintiff's perceived disability played a role in Defendant's decision-making process and it had a determinative effect on the outcome of the process.

46. The Defendant's acts were willful, discriminatory, purposeful, and intentional, and they violate 501 of ERISA, 29 U.S.C. § 1002(1), *et seq.*

47. The Defendant's actions have caused the Plaintiff to suffer mental anguish, severe emotional distress, economic damages, including, but not limited to, loss of employment, loss of pay, loss of insurance, and loss of future retirement benefits.

48. In doing all the things averred in this Complaint, the Defendant, Rheem, and its actions herein complained of were calculated to and did benefit the Defendants.

49. The acts and conduct alleged herein of each such Defendant were calculated to and/or did benefit the Defendant, Rheem. At all material times alleged, the Defendants are responsible for the wrongful conduct and injuries to Plaintiff as herein alleged.

50. On or about April 2, 1993, the Defendant, Rheem, issued disability plans to Plaintiff whereby the said Defendant insured against the short-term and long-term disability, ("STD" and "LTD", respectively), of the Plaintiff.

51. Plaintiff became disabled on or about April 2004 and the injury was continuous, and the Defendants were provided with notice of said disability and a properly

executed claim for disability benefits, STD and LTD, due under the terms of said plans.

52. The Defendant has failed and refused to pay the disability benefits as provided for in said plan for STD and/or LTD, said benefits presently being past due and unpaid.

53. On or about, April 2, 1993, the Defendant, Rheem, fraudulently induced Plaintiff to purchase said disability plans from, and to pay premiums thereon to the Defendant.

54. The Defendant, in an effort to induce Plaintiff to purchase said plans and pay premiums thereon, <u>willfully, and with fraudulent intent, represented to Plaintiff that LTD will be paid if she became unable to work because of a disability and that the Defendant would in fact pay 65 percent of Plaintiff's average monthly base pay over the prior twelve months.</u> (Emphasis added).

55. In reliance on said representation, and trusting and believing in the skill, experience and honesty of the Defendant, the Plaintiff agreed to the one chance enrollment and purchased the plans, and then and there signed a payroll deduction for the Defendant. (Emphasis added).

56. In further reliance on said representation and believing and trusting in the skill, experience and honesty of the Defendant, Plaintiff paid to the Defendant all monthly premiums thereafter due on said policy for the period preceding and subsequent to her disability.

57. Each of the said representations of the Defendant were false and were known by said Defendant to be false at the time made or were made recklessly without

regard to the true facts, but with the intention that the Plaintiff should rely thereon.

58. Said misrepresentations were gross, oppressive or malicious and were made with the intent to induce the Plaintiff to purchase said disability plans from Defendant, Rheem.

59. The fraudulent conduct of Defendant, Rheem, was carried on and committed with a reckless or conscious disregard of the rights of the Plaintiff, and was calculated to and did benefit the Defendant, Rheem.

60. By reason of intentional, wrongful, and fraudulent misconduct of the Defendant, as aforesaid, Plaintiff has suffered the loss of said premiums, and will continue to suffer in the future anxiety, worry, mental and emotional distress.

61. Each and every act herein complained of was part of a pattern and/or practice of the Defendant to engage in similar fraudulent, illegal and bad faith conduct in the sale and issuance of disability plans and in fraudulently failing to pay claims thereunder.

62. At all material times herein complained of, the Defendant, in breach of the implied covenant of good faith and fair dealing, has wrongfully and unlawfully withheld and denied benefits due to Plaintiff under the terms of said plans, the Defendant acted wrongfully and unreasonably in the following respects:

    (a)    The Defendant either knew or should have known that there was no arguable, lawful or legitimate basis for the refusal to pay said claim.

(b) The Defendant either intentionally or recklessly failed to determine whether there was a lawful basis for the denial and refusal to pay said claim and/or said Defendant either intentionally or recklessly failed to properly investigate said claim or to subject the results of said investigation to a cognitive evaluation and review.

63. Each and every act herein complained of was part of a pattern or practice of said Defendant in engaging in similar wrongful, illegal and bad faith conduct, and in wrongfully, illegally and in bad faith failing to pay claims under disability plans issued by it.

64. As a consequence of said wrongful and bad faith acts of the Defendant, Plaintiff has suffered monetary and other damages.

## CLAIM THREE
## NEGLIGENT HIRING, SUPERVISION AND TRAINING

65. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-64 and incorporates the same herein.

66. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent supervision and training.

67. The Conduct of the Defendant, Rheem, as set forth above, was a breach of Defendant's duty to Plaintiff to exercise care in supervising and training employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM FOUR
## NEGLIGENT RETENTION

68. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-67 and incorporates the same herein.

69. This is a claim arising under the laws of the State of Alabama claiming that Defendant committed the tort of negligent retention.

70. The Conduct of the Defendant, Cal Mears, as set forth above, was a breach of its duty to Plaintiff to exercise care in retaining employees, and such breach proximately caused her to suffer humiliation, mental pain and anguish, and all other injuries outlined herein, all to Plaintiff's damage.

## CLAIM FIVE
## NEGLIGENCE

71. Plaintiff adopts and re-alleges each and every allegation set forth in paragraphs 1-70 and incorporates the same herein.

72. This is a claim arising under the laws of the State of Alabama claiming that Defendant, Rheem, committed the tort of negligence.

73. Defendant, Rheem, by its actions and omissions, breached the standard of care owed to Plaintiff while an employee of the Defendant. The conduct of said Defendant, as set forth herein, was a breach of its duty to Plaintiff to exercise due care.

74. That Defendant's breach was the actual and proximate cause of Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

(a) Order the Defendant, Rheem, to make Plaintiff whole by providing appropriate back pay and interest thereon, sick leave, disability leave, vacation leave, reimbursement for lost compensation, social security, prejudgment interest, and all other entitlements and emoluments in an amount to be shown at trial, and other affirmative steps immediately to eliminate the effects of the discriminatory practices complained herein;

(b) That this court grant the Plaintiff reasonable attorneys' fees, expert fees, costs, and expenses incurred herein;

(c) That this court grant the Plaintiff compensatory and punitive damages;

(d) Judgment that the Defendant violated Plaintiff's rights under the employees benefit plan;

(e) That the Plaintiff be awarded cost, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988;

(f) Plaintiff seeks declaratory and injunctive relief, monetary relief, costs and attorney's fees;

(g) The Plaintiff be allowed to amend her complaint; and

(h) The Plaintiff be awarded such other further and different relief to which she may be entitled.

**WHEREFORE, THE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant for compensatory and punitive damages in such amount as a jury may award in this action, with interest and costs of this action

and a reasonable attorney's fee for her representation herein and such other, further and different relief to which Plaintiff may be entitled in the premises.

Respectfully submitted this the 13th day of August, 2006.

_____
TRINA S. WILLIAMS (SAN 046)

_____
VICKY U. TOLES (UND 014)
Attorneys for Plaintiff Donna Early

OF COUNSEL:
TOLES & WILLIAMS, LLP
1015 South McDonough Street
Montgomery, AL 36104

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

_____
TRINA S. WILLIAMS (SAN 046)

_____
VICKY U. TOLES (UND 014)

I, Donna Early, Plaintiff in this cause of action, do hereby swear or affirm that I have read the foregoing and that it is true to the best of my knowledge, information and belief.

*Donna L Early*
DONNA EARLY

### CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Complaint has been served upon the following:

Rheem Manufacturing Inc.
d/b/a Rheem Manufacturing Company, Inc.
c/o its Registered Agent
CSC Lawyers Incorporating Service Inc.
150 South Perry Street
Montgomery, AL 36104

by delivering the same to the United District Court Clerk's Office, with instructions to mail, via certified mail, first class postage provided and prepaid and properly addressed on this the 13th day of August, 2006.

*Trina S Williams*
TRINA S. WILLIAMS (SAN 046)

*Vicky Toles*
VICKY U. TOLES (UND 014)