IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DONNA L. EARLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:06cv727 |
| | ) | |
| RHEEM MANUFACTURING | ) | |
| COMPANY, a corporation and CAL | ) | |
| MEARS, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

**COMES NOW** Defendant Clarence L. Mears, Jr. (hereinafter "Mears") and answers the

Complaint as follows:

1.      Mears admits only that Plaintiff seeks to invoke the Uniformed Services

Employment and Re-Employment Rights Act (USERRA), but denies that he has violated such

statute and denies that Plaintiff is entitled to any relief thereunder.

### I.  JURISDICTION AND VENUE

2.      Mears admits only that this Court has subject matter jurisdiction with respect to

the Plaintiff's claims under USERRA and the Employee Retirement Income Security Act of

1974 (ERISA) and that this Court has *in personam* jurisdiction over the parties.  The remaining

allegations of paragraph 2 of the Complaint are denied.

3.      Mears denies the allegations of paragraph 3 of the Complaint.  In further response

to paragraph 3 of the Complaint Mears states that Plaintiff's state law claims are barred under

ERISA's doctrine of preemption.

4.      Mears denies the allegations of paragraph 4 of the Complaint, but admits that, to

his knowledge, from March to August 2004, Plaintiff's place of employment with Rheem was its manufacturing plant located in the Middle District of Alabama.

## II.  PARTIES

5.     Mears admits that Plaintiff is a black female adult over the age of 19 years and admits on information and belief that she is a resident of Montgomery County, Alabama.

6.     Upon information and belief, Mears admits that Rheem is qualified to do business in the State of Alabama and that it has an office located in Montgomery County, Alabama.

7.     Mears admits the allegations contained in paragraph 7 of the Complaint.

## III.  FACTUAL BACKGROUND

8.     The allegations contained in paragraph 8 are denied.  Upon information and belief, Mears admits that Rheem hired Plaintiff on April 2, 1993 and that Rheem deemed her to have resigned effective December 21, 2005 after she had been out of work since August 12, 2004 (over 16 months).  Upon information and belief, Plaintiff had been absent from work for other prior periods of time after hired by Rheem.  The remaining allegations of paragraph 8 of the Complaint are denied.

9.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 9 of the Complaint which do not pertain to him; therefore, such allegations are denied.

10.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 10 of the Complaint which do not pertain to him; therefore, such allegations are denied.

11.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 11 of the Complaint which do not pertain to him; therefore, such

allegations are denied.

12.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 12 of the Complaint which do not pertain to him; therefore, such allegations are denied.

13.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 13 of the Complaint which do not pertain to him; therefore, such allegations are denied.

14.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 14 of the Complaint which do not pertain to him; therefore, such allegations are denied.

15.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 15 of the Complaint which do not pertain to him; therefore, such allegations are denied.

16.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 16 of the Complaint which do not pertain to him; therefore, such allegations are denied.

17.    Mears denies the allegations of paragraph 17 of the Complaint.

18.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 18 of the Complaint which do not pertain to him; therefore, such allegations are denied.

19.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 19 of the Complaint which do not pertain to him; therefore, such allegations are denied.  Mears did not become a Rheem employee until March 2004.

20.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 20 of the Complaint which do not pertain to him; therefore, such allegations are denied.

21.    Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 21 of the Complaint which do not pertain to him; therefore, such allegations are denied.

22.    Mears admits that on or about April 6, 2004 (not April 1st), while working for Rheem, Plaintiff suffered an injury to her left hand at work.

23.    The allegations contained in paragraph 23 are denied.

24.    The allegations contained in paragraph 24 are denied pending verification in discovery.

25.    Mears admits that Plaintiff submitted certain notes and excuses relating to doctor visits, but denies that on and after July 7, 2004 Plaintiff submitted sufficient, understandable documentation to enable Rheem to identify a suitable position consistent with her then medical restrictions.

26.    The allegations contained in paragraph 26 are denied.  On or about July 7, 2004, Plaintiff presented a medical restrictions summary from one of her physicians which imposed new work restrictions.  These new restrictions stated that Plaintiff could use her right hand, but totally restricted any use of her right arm.  Rheem and Mears attempted in earnest to identify a job consistent with these new, confusing and self-contradictory restrictions, but Plaintiff claimed she was unable to perform any of the jobs Rheem assigned to her.  After Plaintiff objected to all of the jobs Rheem suggested, Mears told Plaintiff that Rheem could not identify a suitable position for her without clarification from her doctor of her new, confusing and apparently

contradictory medical restrictions.   Mears asked Plaintiff on several occasions to obtain clarification of her restrictions, but each time Plaintiff refused to cooperate.  Plaintiff refused to ask her doctor to clarify her status, Plaintiff also told Rheem that she was seeking disability status from the military so she could not be activated with her National Guard unit.   Plaintiff never provided the requested clarification and never returned to work.  Instead she applied for STD on or about September 7, 2004.

27.     The allegations contained in paragraph 27 are denied.

28.     The allegations contained in paragraph 28 are denied.  Mears told Plaintiff that Rheem needed clarification from her physicians regarding her of her new, confusing and apparently contradictory medical restrictions in order to identify a suitable position for her, but she refused to cooperate.  Mears did not tell Plaintiff that Rheem did not have any light duty work.

29.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 29 of the Complaint which do not pertain to him; therefore, such allegations are denied.

### IV.  STATEMENT OF CLAIMS

### CLAIM ONE - VIOLATION OF UNIFORMED SERVICES EMPLOYMENT AND RE-EMPLOYMENT RIGHTS ACT

30.     The allegations of paragraphs 1-30 of the Complaint are denied except as specifically admitted above.

31.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 31 of the Complaint which do not pertain to him; therefore, such allegations are denied.

32.     Mears is without sufficient information to determine the truthfulness of the

allegations of paragraph 32 of the Complaint which do not pertain to him; therefore, such allegations are denied.

33.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 33 of the Complaint which do not pertain to him; therefore, such allegations are denied.

34.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 34 of the Complaint which do not pertain to him; therefore, such allegations are denied.

35.     The allegations contained in paragraph 35 are denied.

36.     The allegations contained in paragraph 36 are denied.

37.     The allegations contained in paragraph 37 are denied.

38.     Mears does not understand the allegations of paragraph 38, therefore, such allegations are denied.

## CLAIM TWO - VIOLATION OF ERISA

39.     The allegations contained in paragraphs 1-39 of the Complaint are denied except as specifically admitted hereinabove.

40.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 40 of the Complaint which do not pertain to him; therefore, such allegations are denied.

41.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 41 of the Complaint which do not pertain to him; therefore, such allegations are denied.

42.     The allegations contained in paragraph 42 are denied.

43.     The allegations contained in paragraph 43 are denied.

44.     The allegations contained in paragraph 44 are denied.

45.     The allegations contained in paragraph 45 are denied.

46.     The allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 are denied.

48.     The allegations contained in paragraph 48 are denied.

49.     The allegations contained in paragraph 49 are denied.

50.     Mears is without sufficient information to determine the truthfulness of the allegations of paragraph 50 of the Complaint which do not pertain to him; therefore, such allegations are denied.

51.     Mears admits only that Plaintiff sustained a work related injury to her left hand (finger[s]) on or about April 6, 2004 and that shortly thereafter she returned to work under medical restrictions imposed by her authorized treating physician.  Plaintiff recovered from this injury and it is not related to any issue in this action.  Plaintiff received workers' compensation medical benefits for this injury in the ordinary course of events without incident.  The remaining allegations of paragraph 51 are denied.

52.     The allegations contained in paragraph 52 are denied.

53.     The allegations contained in paragraph 53 are denied.

54.     The allegations contained in paragraph 54 are denied.

55.     The allegations contained in paragraph 55 are denied.

56.     The allegations contained in paragraph 56 are denied.

57.     The allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 are denied.

59.    The allegations contained in paragraph 59 are denied.

60.    The allegations contained in paragraph 60 are denied.

61.    The allegations contained in paragraph 61 are denied.

62.    The allegations contained in paragraph 62 are denied.

63.    The allegations contained in paragraph 63 are denied.

64.    The allegations contained in paragraph 64 are denied.

### CLAIM THREE - NEGLIGENT HIRING, SUPERVISION AND TRAINING

65.    All allegations of paragraphs 1-65 of the Complaint are denied, except as specifically admitted.

66.    The allegations contained in paragraph 66 are denied.  All of Plaintiff's state law claims are preempted by ERISA.

67.    The allegations contained in paragraph 67 are denied.

### CLAIM FOUR - NEGLIGENT RETENTION

68.    All allegations of paragraphs 1-68 of the Complaint are denied except as specifically admitted.

69.    The allegations contained in paragraph 69 are denied.  All of Plaintiff's state law claims are preempted by ERISA.

70.    The allegations contained in paragraph 70 are denied.

### CLAIM FIVE - NEGLIGENCE

71.    All allegations of paragraphs 1-71 of the Complaint not specifically admitted above, are denied.

72.    The allegations contained in paragraph 72 are denied.  All of Plaintiff's state law claims are preempted by ERISA.

73.     The allegations contained in paragraph 73 are denied.

74.     The allegations contained in paragraph 74 are denied.

75.     All allegations of the Complaint not specifically admitted above are hereby denied.

76.     Mears denies that he has violated any law and denies that Plaintiff is entitled to any recovery or relief whatsoever, including that requested in her PRAYER FOR RELIEF.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The statute of limitations bars some or all of Plaintiff's claims against Rheem.

### SECOND DEFENSE

Plaintiff has failed to timely or fully exhaust her administrative remedies under USERRA and ERISA.

### THIRD DEFENSE

Some or all of Plaintiff's claims fail to state claims for which relief can be granted.

### FOURTH DEFENSE

There are no similarly situated employees of Rheem who have been treated differently than has Plaintiff.

### FIFTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SIXTH DEFENSE

All employment decisions made by Rheem and Mears respecting Plaintiff were made for legitimate, non-discriminatory, non-pretextual business reasons.    Mears denies that either Plaintiff's membership in the Alabama National Guard or her status as a participant in any

Employee Benefit Plan was a substantial contributing factor in any material decision regarding her employment.

## SEVENTH DEFENSE

Plaintiff is estopped and lacks clean hands to seek the equitable relief she requests due to violation of Rheem' employee conduct and work rules including, but not limited to poor performance and excessive unexcused absenteeism.

## EIGHTH DEFENSE

Mears states that he did not intentionally, willfully or maliciously violate any statute or law relied upon in the Complaint. To the extent that Plaintiff's claims against Mears rest on conduct that was innocent or without malice or without reckless indifference to Plaintiff's rights, punitive damages are not recoverable.

## NINTH DEFENSE

An award of punitive damages in this case is not appropriate.

## TENTH DEFENSE

To the extent that Plaintiff's claims are fraudulently brought, they are barred.

## ELEVENTH DEFENSE

To the extent that Plaintiff's claims have been waived, they are barred.

## TWELFTH DEFENSE

To the extent that Plaintiff might have been guilty of conduct, as yet unknown to Mears which conduct would have prevented Plaintiff's employment or caused discharge, she is barred from seeking some or all damages.

## THIRTEENTH DEFENSE

Plaintiff complains about decisions made by different decision-makers.

1077418

### FOURTEENTH DEFENSE

The doctrine of laches bars some or all of Plaintiff's claims.

### FIFTEENTH DEFENSE

Mears pleads judicial estoppel and lack of standing as to Plaintiff's claims.

### SIXTEENTH DEFENSE

Mears pleads the "same actor" defense.

### SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegations with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damages.

### EIGHTEENTH DEFENSE

With respect to all of Plaintiff's claims, Defendant pleads, in the alternative and without waiving any other defense, that the acts of Rheem were privileged under the law including, but not limited to, under the employment-at-will doctrine.

### NINETEENTH DEFENSE

Plaintiff voluntarily abandoned her employment.

### TWENTIETH DEFENSE

To the extent Plaintiff seeks recovery for any work related injury covered by Alabama Workers' Compensation laws, the court lacks subject matter jurisdiction.

### TWENTY-FIRST DEFENSE

Mears pleads contributory negligence, failure to cooperate, assumption of the risk, last clear chance, waiver and the statute of frauds.

## TWENTY-SECOND DEFENSE

Plaintiff has represented that she is totally disabled and is estopped to assert otherwise in this action.

## TWENTY-THIRD DEFENSE

Plaintiff's State law claims are barred by the doctrine of ERISA Preemption.

## TWENTY-FOURTH DEFENSE

USERRA does not apply to the facts of this case.

## TWENTY-FIFTH DEFENSE

Plaintiff is estopped to obtain the relief she requests because, among other things, she refused to obtain clarification of her new, confusing and apparently contradictory medical restrictions and to cooperate with Rheem's and Mears' efforts to identify a suitable job for her.

## TWENTY-SIXTH DEFENSE

Plaintiff has not engaged in service in the Uniformed Services at any time material to this action.

## TWENTY-SEVENTH DEFENSE

Plaintiff has not been absent from her position of civilian employment because of service in the Uniformed Services.

## TWENTY-EIGHTH DEFENSE

Plaintiff did not notify Rheem in advance of any pending military service and did not furnish any Orders with respect thereto.

## TWENTY-NINTH DEFENSE

Plaintiff failed to return to work or seek reemployment within five (5) years of having performed service in the military services, if any.

### THIRTIETH DEFENSE

Plaintiff failed to timely return to work or apply for reemployment after service in the Uniformed Services, if any.

### THIRTY-FIRST DEFENSE

Mears pleads that it is impossible and/or unreasonable to reinstate Plaintiff due to her medical restrictions, her refusal to make good faith effort to perform jobs assigned to her and her refusal to provide clarification of her new, confusing and apparently contradictory medical restrictions.

### THIRTY-SECOND DEFENSE

In the alternative, Mears pleads that Plaintiff's service in the Uniformed Services, if any, was thirty (30) days or less; therefore, Plaintiff had no protection against discharge.

### THIRTY-THIRD DEFENSE

Rheem terminated Plaintiff for cause.  Rheem would have made the same employment decision regardless of Plaintiff's protected and/or military status.

### THIRTY-FOURTH DEFENSE

If and to the extent Plaintiff did render service in the Uniformed Services in August of 2000 as alleged in the Complaint, Rheem fulfilled its obligation to reinstate Plaintiff on or about June 25, 2001 when Plaintiff returned to work under restrictions imposed by her medical doctor. Plaintiff was not removed from Rheem's payroll until December 21, 2005, more than five (5) years after Plaintiff claims to have rendered service in the Uniformed Services.

### THIRTY-FIFTH DEFENSE

Rheem cannot reasonably accommodate Plaintiff's service related injury, if any, because Plaintiff is unable or unwilling to perform any gainful position at Rheem with or without a

1077418                                                     13

reasonable accommodation.

### THIRTY-SIXTH DEFENSE

Mears reserves the right to assert other defenses as discovery proceeds.

### THIRTY-SEVENTH DEFENSE

Plaintiff is not entitled to a trial by jury on her ERISA claims which must be severed for trial.

### THIRTY-EIGHT DEFENSE

Mears has no individual liability for Plaintiff's USERRA and ERISA based claims.

### CONSTITUTIONAL DEFENSES

### FIRST CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

### SECOND CONSTITUTIONAL DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiff would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

### THIRD CONSTITUTIONAL DEFENSE

Plaintiff's claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

## FOURTH CONSTITUTIONAL DEFENSE

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.   The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c.   The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

d.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

f.   The procedures pursuant to which punitive damages are

awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes on defendants' Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

g.    Any award of punitive damages to Plaintiff would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

h.    Plaintiff's attempt to impose punitive or extra contractual damages on defendants on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

i.    Any award of punitive damages to Plaintiff would violate the procedural safeguards provided to defendants under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a defendant in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding;

j.    Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

k.    Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

l.    Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution; and

m.    Any award of punitive damages would violate defendant's right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

1077418

**FIFTH CONSTITUTIONAL DEFENSE**

Plaintiff's claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution in that:

a.  there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages;

b.  there is no requirement that punitive damages;

c.  review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

d.  punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

e.  the preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

f.  the criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

g.  the criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain; and

h.  the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

**SIXTH CONSTITUTIONAL DEFENSE**

With respect to Plaintiffs' demand for punitive damages, defendant specifically

1077418                                          17

incorporates by reference any and all standards or limitations regarding the determination, review and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S. Ct. 1513 (2003).

## SEVENTH CONSTITUTIONAL DEFENSE

The imposition of punitive damages against any of the Defendants in this case would violate the Defendants' due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendants' alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## EIGHTH CONSTITUTIONAL DEFENSE

Imposition of punitive damages against Mears would have a chilling effect upon the defendant's right to open access to the courts of this state, in violation of the United States Constitution.

## NINTH CONSTITUTIONAL DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## TENTH CONSTITUTIONAL DEFENSE

Plaintiff is not entitled to recover punitive damages because Plaintiff cannot prove that

1077418                                    18

defendants' conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

### ELEVENTH CONSTITUTIONAL DEFENSE

Plaintiffs' claims for punitive damages should not be submitted to the jury because, under the United States Supreme Court's holding in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 533 U.S. 424, 121 S. Ct. 1678, 149 L.Ed. 2d 674 (2001), and the Alabama Supreme Court's holding in *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.  See also, *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 459, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996).

### TWELFTH CONSTITUTIONAL DEFENSE

An award of mental anguish damages in this case will violate Mears' due process and equal protection rights guaranteed by the *United States Constitution* because juries are not given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

### THIRTEENTH CONSTITUTIONAL DEFENSE

To award plaintiff damages for alleged mental anguish or emotional distress in the absence of any standards for the determination of mental anguish and/or the absence of any requirements for corroborating or objective evidence of mental anguish or emotional distress makes such an award tantamount to punitive damages. As such, Mears avers that such an award in this case would violate the *United States Constitution*.

Respectfully submitted,


s/Henry C. Barnett, Jr.
**HENRY C. BARNETT, JR. (BAR037)**
*ATTORNEY FOR DEFENDANTS*


**OF COUNSEL:**
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36104
(334) 241-8000
(334) 323-8888


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 2nd day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Trina S. Williams
Vicky U. Toles
TOLES & WILLIAMS, LLP
1015 South McDonough Street
Montgomery, Alabama 36104


s/Henry C. Barnett, Jr.
OF COUNSEL