IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNA L. EARLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO.:  2:06cv727 |
| | ) |
| RHEEM MANUFACTURING | )   JUDGE KEITH WATKINS |
| COMPANY, a corporation and CAL | ) |
| MEARS, an individual, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Defendants Rheem Manufacturing Company and Cal Mears (hereinafter, collectively "Rheem" or Defendants) and respectfully submit the following Motion for Summary Judgment based on principles of judicial estoppel.  Defendants will file a memorandum of law in support thereof upon receipt of Plaintiff's transcript of her deposition taken on May 24, 2007.

    1.    Donna Early ("Plaintiff" or "Early") started to work at Rheem as an Assembler in 1993 approximately a year after her discharge from active duty service in the US Army. On December 21, 2005, after Plaintiff had abandoned her job for over twelve (12) months by neither working nor providing clarification of new confusing, inconsistent, medical restrictions provided by her physician, Rheem terminated Plaintiff's employment under the belief that Plaintiff had abandoned her job with no intention of returning to work at Rheem.  Plaintiff has filed suit against Rheem, claiming that Rheem violated the Uniform Services Employment and Re-employment Rights Act ("USERRA") in relation to an injury that she suffered in 2000 while on National Guard routine weekend drill, and violated the Employee Retirement Income Security Act ("ERISA") in relation to her retirement and disability benefits.  For the reasons set out below

and in the forthcoming memorandum of law, the Court should grant summary judgment in favor of Rheem and against Plaintiff on all of her claims.

2.      On September 4, 2004, Plaintiff filed Chapter 13 Bankruptcy. Plaintiff has never disclosed her claims against Rheem and Mr. Mears to the Bankruptcy Court although her bankruptcy is still pending, she filed a charge with the EEOC on March 15, 2006 and filed this lawsuit on August 16, 2006.

3.      Early's injury during her National Guard drill duty occurred in 2000, and her conflict with Rheem over her new inconsistent and contradictory medical restrictions occurred in July and August of 2004. Clearly, at the time that she filed for bankruptcy on September 4, 2004, she was aware of disputes with her employer Rheem that could arise to alleged claims against her employer and/or Employee Relations manager Mr. Mears, but she never reported this potential lawsuit to the bankruptcy court. After her employment with Rheem formally ended, she filed this lawsuit in 2006 and has a continuing duty to update her bankruptcy pleadings to list this lawsuit as a potential asset. During Plaintiff's deposition on May 25, 2007, it emerged that she also did not disclose in her pending bankruptcy that she received a sizeable lump sum of retroactive disability compensation from the National Guard.

4.      Rheem is entitled to summary judgment as a matter of law on any alleged discrimination, retaliation or statutory violation claims asserted by Early or other claims that existed during the pendency of her bankruptcy case because Early is judicially estopped from asserting said claims. "Judicial estoppel is an equitable concept invoked at a court's discretion" and designed "to prevent the perversion of the judicial process." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002)(citation omitted). A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C.

§§ 521(1), and 541(a)(7).  The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change.  *See Burns*, 291 F.3d at 286 (citing *In re Coastal Plains,* 179 F.3d 197, 208 (5th Cir. 1999)); *De Leon v. Comcar Indus., Inc.,* 321 F.3d 1289 (11th Cir. 2003).

5.	Early possesses a financial motive to secret assets in her Chapter 13 bankruptcy case.  To allow Early to pursue her discrimination, retaliation, statutory violation or other claims in this action would constitute a mockery of the judicial system.  For these reasons, Defendants are entitled to summary judgment on all of Early's claims that existed during the pendency of her bankruptcy case.

6.	Because Plaintiff has failed to disclose the claims she is asserting in this litigation in her bankruptcy case, she should be judicially estopped from continuing this litigation.  For the foregoing reasons and for the reasons that will be presented in the forthcoming memorandum of law in support thereof, Rheem submits that this Court should enter summary judgment in favor of Rheem and Mears as to all counts contained in Early's Complaint, dismiss the Complaint and all claims in this lawsuit against Rheem and Mears with prejudice, and tax costs against Plaintiff.

		Respectfully submitted,

		s/Henry C. Barnett, Jr.
		**HENRY C. BARNETT, JR. (BAR037)**
		*ATTORNEY FOR DEFENDANTS*

**OF COUNSEL:**
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama  36104
(334) 241-8000
(334) 323-8888

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Trina S. Williams<br>
Vicky U. Toles<br>
TOLES & WILLIAMS, LLP<br>
1015 South McDonough Street<br>
Montgomery, Alabama 36104

                                                s/Henry C. Barnett, Jr.
                                                OF COUNSEL