**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DONNA L. EARLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 2:06cv727** |
| | ) | |
| **RHEEM MANUFACTURING COMPANY, a corporation and CAL MEARS, an individual,** | ) | **JUDGE KEITH WATKINS** |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE A MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**COME NOW** Defendants Rheem Manufacturing Company and Cal Mears (hereinafter, collectively "Rheem" or Defendants) and respectfully submit the following Motion for Leave to File a Memorandum of Law in Support of Their Motion for Summary Judgment based on principles of judicial estoppel. The Memorandum of Law in Support of Defendants' Motion for Summary Judgment is being filed simultaneously herewith.

1. Counsel for Defendants took the Plaintiff's deposition on May 24, 2007.

2. Defendants filed their Motion for Summary Judgment on May 25, 2007 (Doc. no. 17). In this Motion for Summary Judgment, Defendants informed the Court that they would "file a memorandum of law in support thereof upon receipt of Plaintiff's transcript of her deposition taken on May 24, 2007."

3. Rheem discovered that Plaintiff was in Chapter 13 bankruptcy in March of 2006 shortly after Plaintiff filed an EEOC charge against Rheem. After discovering the bankruptcy, Rheem waited fourteen (14) months to depose Plaintiff and file its motion for summary judgment

on judicial estoppel grounds. Rheem waited in large measure to afford the Plaintiff a lengthy opportunity to voluntarily amend her bankruptcy pleadings on her own accord. Rheem did immediately proceed to file its motion for summary judgment on May 25, 2007 (Doc. no. 17), the day following Plaintiff's deposition because, in Rheem's view, Plaintiff did not under the law or notions of fairness deserve an opportunity to amend her bankruptcy filings to attempt to avoid judicial estoppel after being questioned about her bankruptcy.

4. Counsel for Defendants received a transcript of Plaintiff's deposition the afternoon of May 29, 2007 and have since been diligently drafting the accompanying Memorandum of Law. As evident on its face, it was necessary to make numerous references to Plaintiff's deposition in the Memorandum of Law to dispel any alleged genuine issues of fact.

5. The Court entered a Briefing Order on June 1, 2007 (Doc. no. 18) that provides that Plaintiff shall file a response on or before June 22, 2007. In light of the fact that Defendants are filing this Motion and their Memorandum of Law on June 6, 2007 and that the Briefing Order further instructs the parties that the opponent's response brief shall be due 21 days after the motion is filed (Doc. no. 18 at ¶ 2), Defendants respectfully move the Court to adjust the briefing schedule accordingly.

6. Defendants apologize to the Court for any inconvenience caused by their filing this Memorandum of Law after the Motion for Summary Judgment, but feel that it was warranted under the circumstances.

7. The dispositive motion cut off established in the Scheduling Order is not until July 31, 2007, and the discovery deadline is October 31, 2007. No party will be prejudiced by the Court granting this order.

Respectfully submitted,

s/Henry C. Barnett, Jr.
**HENRY C. BARNETT, JR. (BAR037)**
*ATTORNEY FOR DEFENDANTS*

**OF COUNSEL:**
CAPELL & HOWARD, P. C.
150 South Perry Street
Post Office Box 2069
Montgomery, Alabama 36104
(334) 241-8000
(334) 323-8888

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Trina S. Williams
Vicky U. Toles
TOLES & WILLIAMS, LLP
1015 South McDonough Street
Montgomery, Alabama 36104

s/Henry C. Barnett, Jr.
OF COUNSEL